No. 39211 Western Worcester, ss.

PEMSTEIN (Harry I. Shapiro)
v. BRADLEY-HOLDEN CO. (Robert W. Cornell)

From the Central District Court of Worcester—Wall, J.

Argued June 3, 1941—Opinion Filed July 5, 1941

PARKER, J. (Hibbard, P.J. & Mason, J.)—This is an action of contract or tort for conversion.

The trial judge in his finding reviews the evidence as follows: "The evidence of the plaintiff was in substance that sometime in the early part of 1940 the plaintiff sold an automobile to one Beaulac under a conditional sales agreement. The original sales contract was offered in evidence and admitted and marked 'Plaintiff's Exhibit #1.' It was agreed between the parties that certain payments were made under this agreement and that the balance due is $108. as of February 12, 1940, which had never been paid; that shortly after February 12, 1940 the plaintiff endeavored to find the automobile and upon inquiry found that Beaulac had traded or sold the car to the defendant in this case; that the plaintiff saw members of the defendant's firm and demanded that the car be returned to him; that he was referred to the defendant's attorney. The plaintiff was later informed by the defendant's attorney or members of the defendant's firm that the defendant sold the automobile; that one Holden of the defendant's firm told the

plaintiff that they had known that the car was purchased by Beaulac from the plaintiff, but that they had 'slipped up' in inquiring whether the car was paid for. The plaintiff testified that the fair market value of the automobile was $150. in February, 1940. No evidence was offered by the defendant."

At the conclusion of the evidence and before final arguments, the defendant filed twelve requests for rulings: The second request reads as follows: "The plaintiff cannot recover in this action without showing that at the time of the conversion alleged he had title and the right to possession of the property." Request #1 deals with "demand and refusal"; #3 considered G. L. (Ter. Ed.) Chap. 225 sec. 11 and amendments; #4 is concerned with "demand on the purchaser"; #5 and #6 deal with the "legality of the conditional sales contract of Jan. 11"; #7 is concerned with "rights of the dealer under the contract"; #8 and #9 deal with "damages"; #10 deals with "conversion of the plaintiff's property"; #11 and #12 read as follows:

11. The evidence does not warrant a finding for the plaintiff in this action.

12. If a finding for the plaintiff is warranted, then the plaintiff can recover no more than nominal damages.

The trial court allowed request #2, and denied the other eleven requests.

The concluding paragraph of the trial judge's finding reads as follows:

"Upon all the evidence, I find for the plaintiff in the sum of $150."

The issues are both clear and simple. The plaintiff as a dealer in automobiles sold a car to one Beaulac under a conditional sales contract; Beaulac in turn sold the same car to the defendant, who failed to ascertain that the car had not been paid for and that the legal title remained in the plaintiff. In due season the plaintiff attempted to locate the automobile without success, but learned that the defendant had sold the car. The plaintiff then made a demand upon the defendant for the return of the car, but was refused. The plaintiff brought a lawsuit in which he testified that the car was worth $150. the last time he saw it. The trial court awarded damages of $150.

The defendant argues at length as to a variance between the declaration of the plaintiff and the proof that he offers. However, that phase of the case does not appear in any of the defendant's requests for rulings. The defendant contends that the plaintiff did not make a legal demand before suing for conversion. In the case of *Marcotte* v. *Mass. Security Corp.*, 250 Mass. at 250, it appears clearly that a demand is not requisite. "No demand is necessary in a case where a defendant having no title to personal property exercises dominion over it." Furthermore, the evidence tends to show that a demand was made by the plaintiff.

The defendant further argues that the amount of damages awarded by the trial court is improper, for the reason that the

car may have depreciated in value since the plaintiff had seen it. However that may be, we do not consider that it is an element of the damages, for the reason that the plaintiff was not at all to be blamed for the disappearance of the car and his testimony as to valuation was the best that he could give under the circumstances that existed. Furthermore, the defendant did not attempt to prove any other amount from that offered by the plaintiff. See *Lorain Steel Co.* v. *Norfolk & Bristol St. Ry.*, 187 Mass. at 506.

We cannot agree with the contention of the defendant that the conditional sales contract between the plaintiff and Beaulac, a copy of which was attached to the report, was illegal. Even if it were too informal to satisfy the statute, it can make little difference with the issues in the instant case. The statute provides that if such a conditional sales contract does not contain all of the required items, such absence does not vititate the entire contract, but gives the vendee "a valid defence against the recovery of all finance charges and fees exclusive of insurance premiums."

We see nothing to criticize in the manner in which the trial judge has dealt with the defendant's twelve requests for rulings, the second of which he allowed and the other eleven of which he did not.

There being no prejudicial error, the report must be dismissed.